# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANNY R. RUARK,

        Plaintiff,

   v.

UNION PACIFIC RAIROAD COMPANY,

        Defendants.

No. 14-cv-329-DRH-RJD

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

    Pending before the Court are two motions *in limine* brought by Defendant Union Pacific Railroad (Docs. 52 & 53). For the reasons stated below, the motions are granted.

    In the first motion *in limine*, defendant seeks to exclude plaintiff's testimony regarding the cause of the rail drill failure (Doc. 52). Defendant argues that plaintiff is not qualified to offer opinions regarding the cause of the failure of the rail drill. In the alternative, defendant argues that even if the plaintiff were qualified to offer such an opinion, his opinion would be wholly speculative, given that the plaintiff never examined the drill after the alleged incident to determine what happened. Plaintiff has filed no response to the motion.

    In the second *in limine* titled "Defendant's General Motion *in Limine*," defendant seeks to prohibit the plaintiff, plaintiff's attorney and plaintiff's witnesses from exploring the following evidentiary matters at trial: (1) any injuries

to other Union Pacific workers, unless a sufficient foundation is laid that said injuries occurred in a substantially similar manner as those plaintiff suffered; (2) statements or evidence about allegedly unsafe conditions not causally related to the issues involved in this case; (3) statements or evidence concerning a claim for damages associated with any possible future medical care or treatment without the proper foundation; (4) statements or evidence that plaintiff felt intimidated or threatened for reporting a personal injury; (5) any comment, argument or suggestion that this lawsuit is plaintiff's exclusive remedy and/or that plaintiff is not eligible to receive worker's compensation benefits; (6) any comment, argument or suggestion concerning the purpose, policy or intent of Congress in enacting the Federal Employers' Liability Act; (7) any argument, comment or suggestion that the jurors place themselves in the position of plaintiff when assessing damages; and (8) any argument, comment or suggestion that the jurors act as safety advocates in this lawsuit, or that they send a message to the corporate defendant with their verdict (Doc. 53). Defendant argues that these matters lack of relevance; are immaterial to any issue in the lawsuit; are more prejudicial than probative; may lead to confusion of the issues; are improper and inflammatory; and may mislead the jury (Doc. 53). Plaintiff has filed no response.

On the basis that the plaintiff filed no response to the defendant's motions *in limine*, and therefore seemingly does not object to the pending motions, the Court, at this juncture, interprets plaintiff's lack of a response as a concession on

the merits of the motions. Therefore, the defendant's motions *in limine* are **GRANTED** (Docs. 52 & 53).

**IT IS SO ORDERED.**

Signed this 11th day of April, 2017.

Judge Herndon
2017.04.11
11:05:04 -05'00'

**United States District Judge**